Oldroyd, Appellant, et al. *v.* W. W. Kirby & Son.

Argued December 6, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Joseph G. Feldman,* with him *Milton S. Leidner,* for appellant.

*William C. Ferguson, Jr., Kenneth Souser* and *Max E. Cohen,* for appellee, were not heard.

PER CURIAM, January 7, 1935:

This appeal is from the award of judgment non obstante veredicto in an action of trespass to recover damages for personal injuries to plaintiff Norman O. Oldroyd, in whose favor the jury had returned a verdict of $3,500.

The accident occurred as follows: Plaintiff alighted from the front door of a northbound, one-man, pay-as-you-leave trolley car which stopped to discharge passengers on Torresdale Avenue at Sanger Street in the City of Philadelphia. Torresdale Avenue is a double-track street. Plaintiff, who was the first of a number of persons leaving the car, walked rapidly two or three paces forward to the Sanger Street crossing, turned left in front of the trolley, and hurried toward the opposite side of Torresdale Avenue. He stepped out beyond the left side of the trolley car and had not entered upon the southbound track when he collided with defendant's truck and was thrown to the ground in front of the trolley car, sustaining the injuries for which damages are claimed. The machine was a six-wheel trailer truck, which was passing on the left of and close to the standing trolley, going at a speed of from 30 to 35 miles an hour, the right wheels running in the dummy and the left wheels in the middle of the southbound tracks.

There is no doubt as to the negligence of the truck driver. The court below, however, held the accident would not have occurred had appellant been properly vigilant; that, since the collision was with the body of the truck (which was about three inches wider on each side than the fore part, consisting of the cab and engine), 8 or 9 feet of the truck had passed appellant before he came into contact with it. It was clear daylight, and if appellant had been looking he must have seen and avoided contact with the passing machine; his failure to

look was, as a matter of law, contributory negligence. In Giles v. Bennett, 298 Pa. 158, cited by appellant, there was no evidence that plaintiff walked into the side of the truck, consequently that case does not rule here. Further than this, there is uncontradicted testimony that the truck was proceeding with a "good loud noise," "an awful noise," "such a noise that anyone could have heard it," and, if plaintiff failed to see, he should have heard the approaching truck.

The judgment of the court below is affirmed.